The People of the State of Illinois, Defendant in Error,
v. Adolph G. Anderson and Oscar B. Widdows,
Plaintiffs in Error.

Gen. No. 8,784.

Opinion filed June 15, 1934.

WILLIAMSON & WINKELMANN, HERRICK & HERRICK
and BARR & THOMAS, for plaintiffs in error; L. R.
HERRICK, R. E. WINKELMANN and J. G. THOMAS, of
counsel.

OTTO KERNER, Attorney General, and JEWELL I.
DILSAVER, State's Attorney, for defendant in error.

PER CURIAM.

In this case the plaintiffs in error, Adolph G. An-
derson and Oscar B. Widdows, were indicted by the
grand jury in Coles county circuit court under Ca-
hill's St. ch. 38, ¶ 38 (section 61 of chapter 38 of the
Smith-Hurd Revised Statutes, 1933), on two counts,
which charge them with unlawfully, corruptly, .wil-

fully, fraudulently and feloniously receiving a deposit from Oliver Busby of $140 and which was then and there accepted by them as and for a deposit in the Citizens State Bank of Oakland, Illinois, a corporation, he, the said Oliver Busby, not then and there being indebted to said Citizens State Bank of Oakland, Illinois, and that on the date of receiving said deposit the said Citizens State Bank of Oakland was insolvent; and that the said Adolph G. Anderson and Oscar B. Widdows, and each of them, then and there at the time of so receiving said deposit had knowledge and each of them well knew that the said Citizens Bank of Oakland was then and there insolvent.

The plaintiffs in error entered a plea of not guilty and thereupon there was a trial on the charge contained in the indictment, and the jury under the instructions of the court found them guilty of embezzlement in manner and form as charged in the indictment and fixed their fine at $250 and further fixed their punishment in the penitentiary for one year. The plaintiffs in error made a motion for a new trial which was overruled; also made a motion in arrest of judgment which was overruled and were thereupon sentenced. This writ of error is prosecuted for reversal of the judgment, on which they were sentenced.

The main error which has been assigned in the case and argued is the instruction given by the court concerning the form of the verdict which they should return.

The court by its instruction as to form of verdict instructed the jury as follows:

"If you find one or more of the defendants guilty, the form of your verdict may be: 'We, the jury, find the defendant or defendants (naming him or them), guilty of embezzlement in manner and form as charged in the indictment, and we fix his, or their, fine at —— Dollars (filling in the blank with the amount of said

fine, not less than double the amount as you determine from the evidence was so embezzled), and we further fix his or their (naming him or them) punishment in the penitentiary for ———— years, (filling in the blank for any term of years, not less than one nor more than three years), and we further find from the evidence that the defendant, ————, (naming him), is now about the age of ———— years; and that the defendant, ————, (naming him), is now about the age of ———— years; (filling in the blanks with the age of each defendant as you determine, from the evidence, his age to be).'

"If you find the defendant or defendants not guilty, then the form of your verdict may be: 'We, the jury, find the defendant (naming him) or defendants (naming them) not guilty.' "

It is justly contended by the plaintiffs in error that this instruction was in derogation of the statute which gives the jury in this kind of a case an option to determine whether, in addition to the fine fixed, they will also fix a punishment by confinement in the penitentiary. The statute referred to is as follows: "And upon conviction thereof, shall be fined in a sum double the amount of the sum so embezzled and fraudulently taken, and in addition thereto, *may* be imprisoned in the State penitentiary, not less than one nor more than three years."

It is clear that under the instruction referred to the jury could draw no other inference than that they were in duty bound to fix the penitentiary punishment as well as the fine. *People v. Siemen,* 351 Ill. 433; *People v. Munday,* 293 Ill. 191; *People v. Paisley,* 288 Ill. 310; *Meadowcroft v. People,* 163 Ill. 56; *People v. Tallmadge,* 328 Ill. 210.

It should also be pointed out that the proof in this case concerning the insolvency of the bank, which the People were required to show by evidence beyond a

reasonable doubt as well as the knowledge of the plaintiffs in error of such insolvency, was insufficient under the holding of the Supreme Court in *People v. Clark*, 329 Ill. 104.

For the reasons stated the judgment and sentence is reversed and the cause remanded.

*Reversed and remanded.*